IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 4:CV-06-1541** |
| v. | : | **(Judge Caputo)** |
| **JAMES P. BARKER,** *et al.*, | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I. Background

Plaintiff, Edward J. Nicholas, an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced this action by filing a *pro se* civil rights complaint under the provisions of 42 U.S.C. § 1983. Thereafter, Plaintiff filed an application for leave to proceed *in forma pauperis*. Also pending is Plaintiff's motion to consolidate (Doc. 7) his civil rights action with his pending habeas corpus petition (Civil Action No. 4:06-CV-1265) and Plaintiff's "Motion For Leave of Power of Subpoena of Records of District Justice Marsha Stewart" (Doc. 8). The instant complaint initiates the latest in a string of habeas corpus and civil rights actions challenging alleged improprieties in Plaintiff's preliminary hearing, trial, conviction, and sentence in the Dauphin County Court of Common Pleas in Harrisburg, Pennsylvania in criminal docket # 3685 of 1997 ("3685 cd 1997"). Defendants are: (1) the Dauphin County Court Reporters Office; (2) the Dauphin County Prosecutor's Office as well as staff members James P. Barker and A. Richard Long; (3) Dauphin County Clerk of Court Lowell Witmer; (4) the Pennsylvania Attorney General; and (5) Harrisburg Police Officer Donald Heffner. Plaintiff alleges obstruction of justice with Defendants' refusal to produce: (a) "original documents of case 3685 cd 1997;" (b) all dispositions of

District Justice dispositive orders; and (c) hospital records. Plaintiff also claims misrepresentations of evidence, forgery/false police reports and forgery of names or initials on police statements, jury tampering, denial of defense counsel, unspecified corruption, and malicious prosecution. Plaintiff seeks "award of damages for the delays in justice" (Doc. 1 at 5, ¶ 6), production of documentation related to the alleged improprieties in his trial, conviction and sentencing, criminal prosecution of Defendants, termination of employment for Defendants, costs of suit, and any other relief to which he is entitled. For the following reasons, the complaint will be dismissed, without prejudice, under 28 U.S.C. § 1915, and Plaintiff's motion for power of subpoena and motion to consolidate will be denied as moot.

## II.     Discussion

### A.  Preliminary Review of Complaint

The Prison Litigation Reform Act ("PLRA") establishes procedures for prisoners' civil rights actions filed in federal court. Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under Section 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and Section 1915A(b) requires courts to "dismiss the complaint . . . if the complaint – (1) is frivolous . . . ." 28 U.S.C. § 1915A(b)(1).

The frivolousness determination applies equally to cases that are factually frivolous and those that are legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). An

action is legally frivolous if it is based upon an indisputably meritless legal theory. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Although the Court is mindful that *pro se* complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### B. Claim Preclusion Under *Heck*.

Plaintiff's claim is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and amendment of the pleading will not salvage the document. In *Heck*, the Supreme Court ruled that a Constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiffs' complaint asserts improprieties with Plaintiff's preliminary hearing, trial, conviction and sentencing, and he is illegally incarcerated as a result of obstruction of justice, forgery,

3

corruption, fabrication of evidence, and jury tampering by Defendants. However, nothing in the record supports a conclusion that the propriety of his trial, conviction and sentence has been successfully challenged. To the contrary, Plaintiff has filed no less than three habeas petitions (Civil Action No. 4:06-CV-1265, Civil Action No. 4:06-CV-1421, and Civil Action No. 4:06-CV-1501) in this Court to test the validity of his arrest and/or incarceration. Since the success of the instant claim relies upon the impropriety of Plaintiff's incarceration and sentence, *Heck* precludes a cause of action until the propriety of detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff's complaint is barred by *Heck*, and it will be summarily dismissed, without prejudice.

### III.     Conclusion

Since the complaint is legally frivolous, and since Plaintiff's claim is barred by the holding in *Heck*, the complaint will be dismissed as legally frivolous under the provisions of 28 U.S.C. § 1915. An appropriate Order follows.

Dated: October 3, 2006                        /s/ A. Richard Caputo
                                                        A. RICHARD CAPUTO
                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 4:CV-06-1541** |
| v. | : | (Judge Caputo) |
| **JAMES P. BARKER,** *et al.*, | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW, THIS 3rd DAY OF OCTOBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 6) is **GRANTED** for the limited purpose of filing this complaint.

2. Plaintiff's complaint is **DISMISSED** as legally frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

3. Plaintiff's Petition to Consolidate Habeas Corpus and Civil Rights Actions (Doc. 7) and Plaintiff's "Motion for Leave of Power of Subpoena" (Doc. 8) are **DENIED** as moot.

4. The Clerk of Court is directed to close the file in this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

        /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge